# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE APPOINTMENT OF STANDBY** |
| | ) | **COUNSEL** |
| vs. | ) | |
| | ) | |
| Michael Howard Hunter, | ) | Case No. 3:13-cr-042 |
| | ) | |
| Defendant. | ) | |

On January 11, 2016, the Pretrial Service Office submitted a "Request for Summons and Modification of the [Defendant's] Conditions or Term of Supervision." The court subsequently scheduled a hearing on the matter for March 16, 2016, and directed that a summons for defendant be issued. Satisfied that defendant financially qualified for representation under 18 U.S.C. § 3006A, the court appointed counsel–AFPD Christopher Lancaster– in anticipation of this hearing.

On February 23, 2016, a petition was filed charging defendant with a violation of his supervised release conditions. Defendant was arrested shortly thereafter and on February 24, 2016, made his initial appearance on the petition at the U.S. Courthouse in Grand Forks, North Dakota. AUSA Jeffrey Clapper appeared on the Government's behalf via video from Sioux Falls, South Dakota. AFPD Christopher Lancaster appeared via video from Fargo, North Dakota. After being advised of his rights, specifically his right to court-appointed counsel, defendant advised the court that he neither wanted nor needed court-appointed counsel and intended to represent himself. The court closed the proceedings by (1) advising defendant that he would be well served to accept the assistance of a court-appointed attorney, and (2) scheduling a combined preliminary and detention hearing for February 25, 2016.

1

On February 26, 2016, the court convened defendant's combined preliminary and detention hearing. At the outset of the hearing, the court first advised defendant of its belief that it would be in defendant's best interests to be represented by counsel at these hearings. When defendant again advised that he wanted to proceed *pro se*, the court queried him further to test his general understanding of this proceeding and the consequences of his decision. Based upon defendant's responses, the court finds that defendant has knowingly, voluntarily, and intelligently waived his right to counsel and elected to proceed *pro se.*

It is well-established that when a criminal defendant proceeds *pro se*, it is generally advisable for the court to appoint standby counsel to assist the defendant as needed. See Faretta v. California, 422 U.S. 806, 834 n.46 (1975). The appointment of standby counsel to represent the defendant does not violate the defendant's Sixth Amendment right to proceed *pro se*, even if the appointment is made over the defendant's objection. McKaskle v. Wiggins, 465 U.S. 168, 170 (1984). However, the appointment of standby counsel is within the court's discretion as there is no constitutional right to such an appointment. See United States v. Bova, 350 F.3d 224, 226 (1st Cir. 2003); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992).

In the exercise of its broad discretion and inherent authority, the court shall appoint standby counsel, who will serve exclusively on behalf of the court to protect the integrity and continuity of the proceedings. Insofar as the court previously AFPD Christopher Lancaster, the court now provides the following clarification. AFPD Christopher Bellmore shall be substituted for AFPD Christopher Lancaster. AFPD Christopher Bellmore's appointment in this matter shall be as standby counsel. Defendant may use the advice of standby counsel as he desires. Standby counsel may assist defendant at the hearings in completing tasks the defendant clearly wishes to complete, such as

introducing evidence and objecting to testimony. Standby counsel may also help ensure the defendant's compliance with the basic rules of courtroom protocol and procedure.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court